UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| JORDAN LEVI ELDER, SR., <br><br> Plaintiff, <br><br> v. <br><br> LINCOLN COUNTY REGIONAL JAIL, <br><br> Defendant. | Civil Action No. 5: 22-CV-044-CHB <br><br><br> **MEMORANDUM OPINION AND ORDER** <br> **DISMISSING COMPLAINT** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Jordan Levi Elder, Sr., is a prisoner confined at the Pulaski County Detention Center in Somerset, Kentucky. Proceeding without an attorney, Elder has re-filed his civil complaint against Defendant Lincoln County Regional Jail using the Court-approved form. [R. 5] By prior Order, the Court granted Elder's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [R. 8] Thus, the Court must conduct a preliminary review of Elder's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A.

A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this stage, the Court accepts Elder's factual allegations as true and liberally construes Elder's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56

(2007). Elder's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

In his complaint, Elder alleges that on or around December 21, 2018, he was raped while he was confined at the Lincoln County Regional Jail. [R. 5] Elder further alleges that he was supposed to be protected because he had been charged with a sex offense. Elder alleges that the Jail failed to protect him and "they didn't care." [*Id*. at p. 2] He alleges that he has suffered mental and physical injuries from the incident. [*Id*. at p. 2-3] As relief, he requests monetary damages in the amount of $200,000.00 for his pain and suffering. [*Id*. at p. 9]

However, Elder's complaint will be dismissed on initial screening for multiple reasons. First, Elder fails to identify a viable defendant to his claims. While Elder names the Lincoln County Regional Jail as the sole Defendant, the Lincoln County Regional Jail itself is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").

Even if the Court were to construe Elder's claim as one against Lincoln County, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Elder makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).

In addition to this pleading deficiency, it is clear from the face of the complaint that Elder's claims are untimely. The Court may dismiss a claim plainly barred by the applicable limitations period upon initial screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (citations omitted); *Franklin v. Fisher*, 2017 WL 4404624, at *2 (6th Cir. May 15, 2017) ("The district court properly dismissed Franklin's complaint for failure to state a claim upon which relief may be granted because it is obvious from the face of her complaint that almost all of her claims are barred by the applicable statute of limitations."); *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002) ("When a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint, sua sponte dismissal of the complaint as frivolous is appropriate.").

While Elder does not specifically identify any federal statutory or constitutional rights that he claims were violated, he alleges that jail staff failed to adequately protect him, a claim that sounds in either the Eighth or Fourteenth Amendment of the United States Constitution.[1] Claims seeking monetary relief for federal constitutional violations are brought pursuant to 42 U.S.C. § 1983. Kentucky's one-year statute of limitations, Ky. Rev. Stat. § 413.140(1)(a),

---

[1] Elder's complaint does not allege whether he was a convicted prisoner or a pretrial detainee at the time of the incident. A "failure to protect" claim brought by a convicted prisoner invokes an inmate's rights under the Eighth Amendment to be free from cruel and unusual punishment, while "[t]he Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees." *Westmoreland v. Butler Cnty., Kentucky*, 29 F.4th 721, 726–27 (6th Cir. 2022) (citations omitted).

applies to civil rights claims asserted under 42 U.S.C. § 1983.  *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013).   Thus, a § 1983 claim alleging a violation of constitutional law must be commenced within one year after the cause of action accrues.  KRS § 413.140(1)(a).

A cause of action accrues when the plaintiff becomes aware of the injury which forms the basis for his claims.  *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)).  Where the operative facts are not in dispute, the Court determines as a matter of law whether the statute of limitations has expired.  *Highland Park Ass'n of Businesses & Enterprises v. Abramson*, 91 F.3d 143 (Table) (6th Cir. 1996) (citing *Hall v. Musgrave,* 517 F.2d 1163, 1164 (6th Cir.1975)).  *See also Fox v. DeSoto*, 489 F.3d 227, 232 (6th Cir. 2007).

Elder's complaint is clear that the event giving rise to his claim occurred on December 21, 2018.  [R. 5 at p. 2, 3]  Thus, Elder's constitutional claim accrued on December 21, 2018, and the statute of limitations on his claim expired on or around December 21, 2019.  However, Elder did not file his original complaint in this lawsuit until March 1, 2022, over three years after the events occurred and over two years after the expiration of the statute of limitations.  Ky. Rev. Stat. § 413.140(1)(a).   Thus, his claim is untimely and his complaint will be dismissed on initial screening.

Accordingly, the Court hereby **ORDERS** as follows:

1. Elder's complaint **[R. 5]** is **DISMISSED** for failure to state a claim for which relief may be granted;

2. **JUDGMENT** shall be entered contemporaneously with this Order.

3.   This action is **STRICKEN** from the Court's docket.

This 10th day of August, 2022.

                                                                                       CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY